UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE WELLS, | No. 2: 18-cv-0970 WBS KJN P |
| Plaintiff, | |
| v. | ORDER |
| CDCR, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the

complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's complaint raises three claims challenging an alleged recently enacted policy by the California Department of Corrections and Rehabilitation ("CDCR") to integrate inmates on Sensitive Needs Yards ("SNY") with inmates on General Population ("GP") yards. Plaintiff alleges that he was moved from a SNY to the GP yard. Plaintiff alleges that this transfer has caused him mental suffering and put him in danger.

For the reasons stated herein, plaintiff's complaint is dismissed with leave to amend.

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under ... [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Proper exhaustion of available remedies is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" Woodford v. Ngo, 548 U.S. 81, 90 (2006). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. See Booth, 532 U.S. at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. See Woodford, 548 U.S. at 90-93. "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [] - rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88). See also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion.'") (quoting Jones, 549 U.S. at 218).

While the three claims raised in the complaint appear to be indistinguishable, plaintiff states that he did not yet submit a request for administrative relief as to his second and third

3

claims. Plaintiff alleges that he is exempt from administratively exhausting claims two and three due to "emergency complaint of potential harm." Plaintiff is informed that there is no exception to the administrative exhaustion requirement based on an alleged threat of potential harm.

As for his first claim, plaintiff states that he submitted a request for administrative relief, but apparently did not appeal this claim to the highest level because he was "frustrated and impeded with appeal." Plaintiff's claim that he was frustrated with his grievance does not excuse administrative exhaustion.

Plaintiff's vague claim that his grievance was "impeded" is not sufficient to excuse his lack of exhaustion. However, administrative remedies may be rendered effectively unavailable where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross v. Blake, 136 S. Ct. 1850, 1859-60 (June 6, 2016). See also Sapp v. Kimbrell, 623 F.3d 813, 822–24 (9th Cir. 2010) (administrative remedies may be rendered effectively unavailable where prison officials obstruct attempts to exhaust). Plaintiff is granted leave to amend to clarify how his attempt to administratively exhaust claim one was "impeded."

In addition, the undersigned finds that plaintiff has not adequately linked the defendants to the alleged deprivations. Named as defendants are California State Prison-Sacramento ("CSP-Sac") Warden, CSP-Sac Captain Riley, and CSP-Sac Health Clinician Swarthout. In claim one, plaintiff alleges that "prison staff across the state of California" are integrating SNY inmates with GP inmates. Plaintiff alleges that this integration is stirring up violence and creating danger. Plaintiff alleges that he was on A yard at CSP-Sac at the EOP level of care and was transferred to a CCCMS GP yard. Plaintiff alleges that he is plagued with anxiety, mania, depression and suicidal tendencies because of this transfer.

Plaintiff does not allege that any of the named defendants were responsible for implementing the integration policy and/or transferring him to the CCCMS GP yard. Accordingly, claim one is dismissed because plaintiff failed to link any of the named defendants to the alleged deprivations. If plaintiff files an amended complaint, he shall name as defendants those prison officials responsible for the integration policy and/or his transfer to the CCCMS GP

yard.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: June 8, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Well970.dis

|  |  |
|---|---|
| 1 |  |
| 2 |  |
| 3 |  |
| 4 |  |
| 5 |  |
| 6 |  |
| 7 |  |
| 8 | UNITED STATES DISTRICT COURT |
| 9 | FOR THE EASTERN DISTRICT OF CALIFORNIA |
| 10 |  |

| ANDRE WELLS, | No. 2: 18-cv-0970 WBS KJN P |
|---|---|
| Plaintiff, |  |
| v. | <u>NOTICE OF AMENDMENT</u> |
| CDCR, |  |
| Defendant. |  |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____  Amended Complaint

DATED:

_____
Plaintiff